**HUI YEN DJIE, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,\* Respondent.**

**No. 07–2049–ag.**

United States Court of Appeals, Second Circuit.

Aug. 29, 2008.

Howard T. Mei, Bethesda, MD, for Petitioner.

Terri J. Scadron, Assistant Director, (Peter D. Keisler, Assistant Attorney General, on the brief, Annette J. Clark, of Counsel) Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Petitioner Hui Yen Djie, a native and citizen of Indonesia, petitions for review of an order of the BIA affirming a decision of the Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *See In re Hui Yen Djie*, A 79 307 993 (B.I.A. Apr. 24, 2007), *aff'g In re Hui Yen Djie*, A 79 307 993 (Immig. Ct. N.Y. City, June 24, 2005).[1]

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

1. The IJ initially denied petitioner's application for relief and ordered her removed on April 30, 2002. The BIA summarily affirmed the decision of the IJ on November 13, 2003.

Petitioner filed a timely petition for review of the BIA's order in our Court, and the case was subsequently remanded to the BIA, pursuant to a Stipulation and Order of Settlement and Dismissal, for the agency to explain its findings. On remand from our Court, the BIA determined that remand to the IJ was necessary for further factual findings. The IJ issued a decision on June 24, 2005, which the BIA affirmed on April 24, 2007.

After affirming the IJ's finding that petitioner was credible, the BIA determined that none of the incidents alleged by petitioner rose to the level of past persecution nor had she established a well-founded fear of future persecution based on her status as a Chinese Christian in Indonesia. The BIA further concluded that petitioner could safely relocate within Indonesia. In her petition, Djie argues that the IJ's consideration of evidence introduced *sua sponte* to determine that she could safely relocate within Indonesia deprived her of due process of law. She also argues that the IJ's determination that she was not eligible for asylum and withholding of removal was not based on substantial evidence. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's legal conclusions *de novo, see Yi Long Yang v. Gonzales,* 478 F.3d 133, 141 (2d Cir.2007), and its factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007).

Djie's due process challenge is not properly before us. Because she did not raise the issue before the BIA, it has not been exhausted. *See* 8 U.S.C. § 1252(d)(1); *see also Melnitsenko v. Mukasey,* 517 F.3d 42, 47 (2d Cir.2008). In any event, she was invited to challenge the IJ's relocation finding—and rebut the evidence admitted *sua sponte*—in our order for supplemental briefing. In her supplemental brief, she failed to present any contrary evidence.

An IJ's finding that a petitioner can safely relocate within her home country is a sufficient basis for denial of asylum or withholding of removal. *See Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006) (asylum);

*Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007) (withholding of removal); *see also* 8 C.F.R. § 1208.16(b)(1)(i)(B) (requiring that where a petitioner has established past persecution, the government bears the burden of establishing the petitioner's ability to avoid persecution by relocating); 8 C.F.R. § 1208.13(b)(2)(ii) (placing burden of establishing that she could not safely relocate on petitioner when she has not established past persecution). We conclude that the finding that Djie could safely relocate within Indonesia was based on substantial evidence. After relying upon the documents admitted *sua sponte,* the IJ observed that petitioner had "never adequately explained why she was unable to reside elsewhere in Indonesia to avoid the crime and riots that occurred." We find no evidence in the record that would present a persuasive challenge to the IJ's conclusion.

For the foregoing reasons, the petition for review is **DENIED** and the pending motion for a stay of removal is **DENIED** as moot.